## TUFFTS a. BRAISTED.

*New York Superior Court; General Term, November,* 1854.

### JUDGMENT.—ACTION BY ASSIGNEE.

Section 71 of the Code, does not prohibit a *bona fide* assignee of a judgment from bringing an action upon it, without first obtaining leave of the court.

Appeal from an order dismissing summons and complaint.

The plaintiff, as assignee, brought an action upon a judgment recovered in this court, April 5, 1852, by A. D. Sage, against Braisted and Averill, the defendants. The defendants

moved to dismiss the summons and complaint upon the ground
that the court had not granted leave to the plaintiff to bring
the action, as required by section 71 of the Code. The motion
was granted, and the plaintiff appealed to the general term.

*Breckenridge,* for plaintiff.

*H. W. Genet,* for defendants.

OAKLEY, C. J.—Prior to the Code, a plaintiff, in a judg-
ment, could bring an action upon it, as a matter of course, and
of strict right. An assignee of a judgment could do the same,
only he was obliged to sue in the name of the assignor. The
only way in which a judgment-debtor could arrest such a pro-
ceeding, was by paying the judgment.

The Code not only allows, but requires the assignee of any
demand, to prosecute any action that may be brought upon it,
in his own name, (§ 111.)

Omitting what is said of judgments in justices' courts, § 71
declares that "*no action* shall be brought upon a judgment ren-
dered in any court of this State, between the *same parties,*
without leave of the court, on good cause shown, on notice to
the adverse party." Whether the order appealed from is erro-
neous, depends upon the construction that should be put on the
words " between the same parties."

We think the natural meaning of the words is, that no party
in whose favor a judgment is rendered, shall bring an action
upon it against those against whom it is rendered, without
leave of the court. The Code did not intend to prohibit the
bringing of an action on a judgment by any and every person,
without the express permission of the court. If it had, it
would have omitted the words "between the same parties."
This is not nominally, nor in substance, an action between the
same parties. The plaintiff was not interested in, nor privy to,
the recovery of the judgment. He has become the owner of
it, by purchase and assignment.

We suppose the object of the statute was to prohibit suing
upon a judgment, when there could be no motive for it, except
to accumulate costs. But the reason of the statute, if that was
the sole reason for it, would seem to apply with as much force
to the assignee as to the assignor of a judgment.

We are not aware, however, of any complaints, that suits have brought, with such motives, at the instance of the assignees of judgments. The advantages to an assignee, in recovering a judgment in his own name, are obvious. Such a recovery furnishes record-evidence, that no equities existed between the assignor and the judgment-debtor, at the time of the assignment, which entitle the latter to exemption from praying the debt. It puts it out of the power of the assignor to discharge the judgment, or affect the rights or remedies, of his assignee. The latter is not subjected to the necessity of relying on the uncertainty of human memory, to prove notice to the judgment-debtors of the fact of the assignment, nor of the time when such notice was given. We do not feel at liberty to extend, by construction under such circumstances, the common and natural meaning of the words, " between the same parties." As the Code only prohibits an action between such parties, we do not feel authorized to hold that parties, not prohibited by that section from bringing an action, shall not bring one. Under this view of that section of the Code, the order appealed from must be reversed, but without costs.