# SUPREME COURT.

## REUBEN DEAN agt. WILLIAM F. ELDRIDGE AND SAMUEL ELDRIDGE.

Where judgment has been obtained against *two defendants upon a joint contract,* but process served only on one of them, and judgment taken to be collected of the joint property of both, or of the separate property of the defendant served, a *second action* may be brought against both defendants, alleging the recovery of the former judgment, and setting out the joint obligation, and serving process only on the defendant not served in the former action, and a like judgment obtained against the latter defendant.

The second action is not an action *upon a judgment,* within the meaning of section 71 of the Code. Neither is such an action *superseded by section* 375 *of the Code,* which provides for summoning a party not brought into court to show cause why he should not be bound by the judgment, &c. This remedy provided by the Code must be considered as merely *cumulative.*

*Sixth District General Term, November,* 1864.

objection raised to the legislative act of 1857, in continuing the terms of their office. But Judge SELDEN, in the prevailing opinion in that case, says: "It will be seen, therefore, that but for the act of 1857, the terms of the clerks then in office would have expired ·on the 31st of December, 1857, *and in that case it would have been the right and the* DUTY *of the mayor and board of aldermen, on or before that.day, to have proceeded under the act of April* 10, 1855, *which had taken the place of that of April* 11, 1851, *to appoint the several clerks for a new term of six years,* as by the resolution and convention of the 18th of December, 1857, they attempted to do." And the whole opinion of the court, as well as the very weighty dissenting opinion in that case, assume the power in the mayor and board of aldermen to make the reappointment of these clerks under the statutes referred to, in case there was no legislative act sufficient to deprive them of such power.

In *Weed* agt. *Tucker* (19 *N. Y. R.* 422), which was a question whether the power committed to the secretary and other state officers was exhausted when they had entered into one arrangement according to the.act for the designation of a state paper, Judge DENIO in delivering the opinion of the court, says: "The cases are quite common where the first appointment is alone provided for, and there is no express statement that it is to be repeated at fixed periods, or from time to time, as the exigencies of the case may require, yet the permanent nature of the duties, and their connection with the administrative policy of the state, shows that it was not a temporary exigency which was intended to be provided for, but the establishment of a permanent system respecting that portion of the public business. For example, the legislature, by, the constitution, was required at its first session to provide for the appointment of commissioners to reform and simplify the practice of the courts, but there was no provision for renewing its members in any event (*Art.* 6, § 24), and yet it is well known that one at least of,

Dean agt. Eldridge.

*Before* BALCOM, MASON, PARKER *and* CAMPBELL, *Justices.*

AN action was heretofore brought against the defendants as joint makers of a promissory note, and process served on Wm. F. Eldridge only, and judgment taken therein to be collected of the joint property of the defendants, or of the separate property of Wm. F. Eldridge only. The present action is brought against both defendants—the complaint alleging the recovery of the former judgment, and that no process was served in this action on said defendant Wm. F. Eldridge, but on Samuel Eldridge only, and demanding judgment of the said defendants for $213.19, to be collected of the joint property of said defendants, and of the separate property of the defendant Samuel Eldridge.

To this complaint Samuel Eldridge demurred, alleging, " 1st. That it appears upon the face of said complaint that

the commissioners who eventually compiled the system contemplated by that provision, was not among those primarily appointed. So also of *offices created by statute,* the examples cited on the argument of the appointment of state reporter (*Laws* 1848, *ch.* 224, § 1), and of division, resident and assistant engineers (*Laws* 1857, *ch.* 217, § 7), afford illustrations of the practice of establishing a *perpetual office* by a provision for a single appointment, leaving *the authority to renew it at the expiration of the official term* to be intended from the nature of the case and the character of the services required. The argument in favor of authority to renew and continue the agency is still stronger where it is an unofficial public employment which is established."

Again, he says: " Before considering more particularly the provisions of the existing statute, I wish to refer to the rules of construction applicable to the case. In one of the opinions delivered in the supreme court, and in the argument of the plaintiff's counsel before us, it is urged in substance, that the power conferred upon the state officers should be construed strictly; and it is said to be an elementary rule that where power is granted to particular officers by the legislature, it is to be construed as *limited to a single exercise of it,* unless the statute in plain terms provide for its exercise on more than a single occasion. If such a general rule of construction prevails at all, *and I have been unable to find the evidence of it,* I am persuaded that it is limited to private grants or to the grants of the public property, or of franchises for the emolument of individuals or private corporations." So much for authority.

Now let us look at the question upon principle. There is no question but what this statute confers in terms, the power on the comptroller to make the appointment of these commissioners. It says, " there *shall be appointed by the comptroller* of the city of New York, three commissioners." Here is the power conferred in express and plain terms. The statute then goes on to designate the title

the court has no jurisdiction of the action. 2d. That it appears upon the face of said complaint that .the same does not state facts sufficient to constitute a cause of action against this defendant." The court at special term, MASON, J., overruled the demurrer, and gave judgment for the plaintiff on the demurrer, .with leave to the defendant to answer in twenty days on payment of costs. From this decision the defendant Samuel Eldridge, appealed to the general term.

DUELL & FOSTER, *for appellant and defendant.*
HORATIO BALLARD, *for respondent and plaintiff.*

By the court, PARKER, J. I do not think this is an action upon a judgment within the meaning of section 71 of the Code, which prohibits the bringing of actions upon judg-

of the commissioners, their term of office, and provision for filling any vacancy, &c. There is not one word in it which indicates any intention on the part of the legislature to revoke this grant of power to the comptroller. If, therefore, it is revoked, or has become exhausted by one exercise of it, it must be from some principle of law or act.of the legislature outside of the statute itself. That there has been any legislative action upon it in terms, is not contended. If there is any general principle of law which works a revocation of it after it has been once exercised, Judge DENIO, as he states in the case of *Weed* agt. *Tucker* (*supra*), has been unable to find any evidence of it, and certainly there is no such principle referred to in the opinion of the court in this case. The argument that the governor and senate have the power to make these appointments under the Revised Statutes, amounts to nothing, if the legislature has committed the appointment to another authority by a statute which remains in force and unrepealed. It would be a very singular construction of a statute granting a power of appointment, to say that it is repealed by implication, because there is another general statute in existence which would authorize such appointment by another authority. Besides, the repeal of a statute by implication is never favored. Again, can there be any ·doubt that these commissioners are city officers within the meaning of the constitution, which declares " that all city officers whose election or appointment is not provided for by the constitution, shall be elected by the electors of such cities (&c.), or of some division thereof, or appointed by such authorities thereof as the legislature shall designate for that purpose." The legislature having designated the comptroller of the city of New York to make the appointment of these commissioners, it would seem that no other authority would have the power to make it under this mandate of the constitution, so long as such act of designation remained unrepealed, or the power remained unrevoked by the legislature.—REP.

ments. That prohibition was designed to prevent the reduplication of costs, and the vexation of defendants by suits upon judgments, which resulted in nothing but these increased costs, without increasing the remedies or altering the position of the plaintiff in the original judgment (*Wheeler* agt. *Dakin*, 12 *How.* 541). But this action, or some equivalent proceeding, is necessary to perfect the judgment and render it operative as a judgment against all the defendants. It is not, therefore, such an action as the statute was intended to prohibit. Besides, if it were within the prohibition of section 71, I do not think *that* a ground of demurrer. This section prohibits the bringing of an action upon a judgment in a court of record between the same parties, without leave of the court. As a matter of pleading, I do not think it necessary to aver such leave in the complaint. That is no part of the cause of action; this exists independently of the leave to sue, so that if there is any defect in the proceedings from want of such leave, the demurrer does not reach it. So far, therefore, as the demurrer rests on the ground that the action is prohibited by section 71, I have no difficulty in holding that it was properly overruled.

It is insisted, however, that no action can be maintained against the party not brought into court, in the action on the joint contract, but that such new action is superseded by section 375 of the Code, which provides for summoning such party to show cause why he should not be bound by the judgment in the same manner as though he had been originally summoned. It is true that the Code does provide a new mode of proceeding for such cases more fit and congruous than that by action, which it must be confessed is somewhat anomalous and illogical. Still, I do not think the right to proceed by action is superseded. A cause of action still exists, and wherever this is the case, an action may be brought upon it as well since the Code as before, unless prevented by some special prohibition. There is no

such prohibition in section 375, and the remedy there provided is merely cumulative.

Where a statute merely gives a new remedy without any negative expressed or implied, the old remedy is not taken away, and the party may have his election between the two (3 *Hill*, 41). Although the new remedy in this case is the more eligible, parties are not restricted to it, though it is to be regretted, I think, that they are not, but may bring their action as before. Again, it is insisted that the complaint fails to set forth a cause of action; that the action is upon the judgment, and it having been held in *Oakley* agt. *Aspinwall* (4 *Coms.* 514), that no demand arises upon such a judgment against the party not brought into court, it follows that a complaint upon such a judgment cannot be sustained. It is true that it was held in *Oakley* agt. *Aspinwall*, as above stated, that in case of a judgment upon a joint obligation against two, when one only is brought into court, the demand still existing against the party not served does not arise upon the judgment, and yet that case does not overrule the case of *Mervin* agt. *Kumbel* (23 *W. R.* 293), which holds that an action upon the judgment is the proper form of action against the party not served, as well as the party served in such cases, notwithstanding the judgment is not even *prima facie* evidence of indebtedness against him. Judge Jewett in the case of *Oakley* agt. *Aspinwall*, holds the following language: " In my opinion, a judgment thus recovered does no more as against the defendant not served with process *than to change the form of the remedy* which before existed for the recovery of the original demand against him, to a remedy in form upon the judgment. That the legislature had power to do that, there can be no doubt, and as it is a convenient mode, although anomalous, for the recovery of the original demand from those of the joint debtors who were not, as well as those who were served with process in the first suit, without precluding any defence which would be avail-

able to those not served, if the new suit had been brought in the former mode, giving the judgment no force or effect as evidence of the plaintiff's demand as against the defendant not served, I do not see any objection to allowing the statute to have that effect."

The question here raised by demurrer to the complaint was raised in *Mervin* agt. *Kumbel*, by demurrer to the replication, and the demurrer was overruled. Although this seems an illogical conclusion, yet it is held to be the legitimate effect of the statute which makes the judgment a *judgment against all of the defendants*, yet not *evidence* of indebtedness against those not served with process under the law of pleading then, as it stood prior to the Code. The facts appearing in this complaint, irrespective of the note therein set forth, would have been held in pleading, sufficient to constitute a cause of action. Under the rule prescribed by the Code, there is less difficulty, I think, in holding it sufficient. It will not be denied that a cause of action still exists against these defendants, and it must be still a joint indebtedness, one which may be enforced against the defendants jointly, by means of a judgment and execution against them jointly. If then the complaint sets forth the facts constituting such a cause of action, it is under the Code sufficient (*Code*, § 142).

The complaint does set out the joint note on which the judgment was obtained, as well as the judgment, including the fact that no process was served on the defendant Samuel Eldridge, showing that there was an original joint liability of both defendants, and that the judgment was entered against both, though but one was served, under the provision of the statute authorizing it. Now the judgment is made by the statute conclusive evidence of the liability of the defendant William F. Eldridge, who was served with process, and the statement of the note shows that the defendant Samuel Eldridge, was jointly liable with him. These facts are set up sufficient to maintain the suit

against both, even under the strict requirements of Judge BRONSON, in his opinion in the case of *Mervin* agt. *Kumbel*, who did not think an action would lie against both defendants on the judgment. He said : " If the plaintiff could make any use of the judgment in declaring against Mervin, he should, I think have set out the original cause of action in addition to the judgment." This special mode of declaring upon a judgment, which Judges COWEN and NELSON in the case last cited thought anomalous, and not allowable in a court of law, the Code makes admissible in providing that the complaint shall consist of a plain and concise statement of the facts constituting a cause of action. All the facts are here set forth, and I think in this view, also, the complaint must be held sufficient.

The demurrer was, therefore, properly overruled, and the order appealed from should be affirmed with costs.