JEREMIAH S. LANE, Appellant, *v.* DAVID B. SALTER et al., Respondents.

Where in an action against two or more defendants upon a joint contract the summons is served only upon one and judgment is perfected as prescribed by section 136 of the Code, a second action may be brought against all the defendants. The special remedy prescribed in such case by sections 375 to 381, inclusive, of the Code, is not inconsistent with the remedy by action, and a prohibition against such action will not be implied therefrom. The new remedy given by these sections is cumulative only.

(Submitted January 12, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment at Special Term in favor of the defendant, Anthony P. Salter, on a demurrer by him to the complaint, and in favor of the defendant, David B. Salter, on a decision rendered by the court on a trial of the issues of fact without a jury. (Reported below, 4 Robt., 239.)

The complaint alleges that the defendants, on or about the first day of July, 1856, at the city of New York, made and delivered to the plaintiff their promissory note, in writing, of which the following is a copy:

"NEW YORK, *July* 1*st*, 1856.

"Ten months after date we promise to pay to the order of Jeremiah S. Lane $1,000 for value received, with interest from date.

"ANTHONY P. SALTER.
"DAVID B. SALTER."

And that the same was due and unpaid to him as the lawful owner and holder thereof.

It then alleges that in May, 1857, "the plaintiff commenced an action in the Supreme Court of this State upon the said note in form against both defendants herein, but that the defendant, David B. Salter, was not served with process, and did not appear in said action, and that a judgment was recovered on the 14th day of October, 1858, in the said action in the Supreme Court in favor of this plaintiff against said defendant, Anthony P. Salter, and in form only against said David B. Salter, for $1,263.48."

It then also alleged "that the defendants had not at the time of the recovery of the said judgment, nor have they since, had any joint property within the State of New York, and an execution has been issued upon said judgment and returned wholly unsatisfied ; that said judgment is still wholly unpaid, and that said amount is still due and owing to the plaintiff."

The plaintiff thereupon demanded judgment for said sum of $1,000, with interest since July 1st, 1856, and costs.

The defendant, Anthony P. Salter, demurred to the complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action, and on that ground only.

The defendant, David B. Salter, put in an answer substantially denying the material allegations in the complaint. He also set up the recovery of the judgment in the Supreme Court against himself and his said co-defendant, Anthony P. Salter, for the same cause of action, for and upon which this suit was commenced; that the said judgment had not been vacated, reversed or modified, but still remained in the same

force and effect which it had at the time of the rendition and recovery thereof.

Upon the trial of the issues the court found the making of the note the commencement of an action thereon; that the summons therein was served upon the defendant, Anthony P. Salter, only, and that on the 14th day of October, 1858, a judgment was recovered on said note against the said defendants and duly entered against them on that day for the amount of said note, with interest and costs; and thereupon he found, as conclusions of law,

1st. That the plaintiff was not entitled to recover in this action against the defendant, David B. Salter.

2d. That the defendant was entitled to judgment in his favor in this action against the plaintiff, and for his costs and disbursements therein.

The plaintiff filed separate exceptions to each conclusion of fact and of law.

It does not appear that the present action was brought by leave of the Supreme Court, nor was any objection taken on the trial that it was brought without such leave.

Upon the argument of the demurrer of the defendant, Anthony P. Salter, judgment was ordered in favor of the said defendant, with costs, with leave to the plaintiff to amend on payment of the costs.

The plaintiff did not avail himself of that privilege, and judgment was subsequently entered against him in favor of the defendant, David B. Salter, on the issues of fact, and in favor of the defendant, Anthony P. Salter, on the issue of law, with costs to each of them separately.

*Sidney S. Harris* for the appellant. The court erred in dismissing the complaint against David B. Salter. (*Oakley* v. *Aspinwall*, 4 Comst., 514, 517, 539; Code, § 136; 2 R. S., 377; *Foster* v. *Wood*, 1 Abb. [N. S.], 150; *Carman* v. *Townsend*, 6 Wend., 206; *Dean* v. *Eldridge*, 29 How., 218, 223; *Johnson* v. *Smith*, 14 Abb., 421; *Ticknor* v. *Kennedy*, 4 id. [N. S.], 417, 419.) The judgment was conclusive evidence

against the party served in the first action. (*Dean* v. *Eldridge*, 29 How., 220, 221; *Prince* v. *Cujas*, 7 Robt., 76.) The court erred in holding that the remedy given by section 375 of the Code was not cumulative, and that no remedy by action existed. (*Burnham* v. *Onderdonk*, 41 N. Y., 425; *Stafford* v. *Ingersoll*, 3 Hill, 41; *Dean* v. *Eldridge*, 29 How., 222, *Canda* v. *Thompson*, 37 N. Y., 656; Comyn's Digest, title Action on Statutes (*c.*); *Almy* v. *Harris*, 5 J. R., 175; *Smith* v. *Drew*, 5 Mass., 574; *Clark* v. *Brown*, 18 Wend., 220; *N. R. R. Co.* v. *Miller*, 10 Barb., 260; *Colden* v. *Eldred*, 15 J. R., 220; *T. and B. R. R. Co.* v. *Tibbitt*, 18 Barb., 297; *Chittenden* v. *Wilson*, 5 Cow., 165; Sedgwick on Stat. Laws, 401, 493; *Wetmore* v. *Tracy*, 14 Wend., 250.)

LOTT, Ch. C.—It appears by the allegations in the complaint in this action, admitted by the demurrer of the defendant, Anthony P. Salter, and found to be true by the findings of the judge on the trial of the issues of fact between the plaintiff and the defendant, David B. Salter, that the action referred to in the said complaint and findings was commenced against both of the defendants on their joint promissory note (a copy of which was set forth), that the summons therein was not served on the defendant, David B. Salter, and that a judgment was recovered in that action on said note in favor of the said plaintiff against both of the defendants. The complaint states that the judgment was so recovered "in form only against said David B. Salter," and the judge in the findings states that it was "duly entered against them."

The Code (§ 136), at the time of the commencement of that action in 1857 and the recovery and entry of the said judgment in 1858, contained a provision in the following terms: " when the action is against two or more defendants and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows: ' If the action be against defendants jointly indebted upon contract, he may proceed against the defendant served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the

defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendants served, and if they are subject to arrest against the persons of the defendants served.'" (See Session Laws of 1851, page 886, and the Code at page 50, in appendix to those laws.)

Although the terms of the judgment are not shown by the case, we must, under the allegations in the complaint and the findings by the court, assume that it was entered conformably to the above provisions. The execution for the enforcement was to be issued in form against all the defendants, but the attorney issuing the same was required to indorse thereon the name of the defendant not served with process, with a direction not to serve it on him; and that it should not be levied on his sole property, but that it might be collected of the personal property of such defendant, owned by him as a partner with the other defendant. (See § 291 of the Code, *supra*, in connection with 2 R. S., p. 377, §§ 1, 3, 4.) The judgment is substantially the same as that which was to be entered under the provisions of the Revised Statutes above referred to. Such a judgment, under the construction given thereto by the Court of Appeals in the case of *Oakley* v. *Aspinwall* (4 Comst., 514, and 3 Kernan, 500), is as effectual and conclusive against the defendant served with process as any other judgment recovered against him, and may also be enforced against the joint property of all of the defendants; but it is no evidence of any personal liability, and does not constitute a debt against the party not served.

In that case there was a doubt expressed whether an action of debt could be maintained on the judgment, and as to the particular form of remedy that was to be pursued to obtain a judgment that would be binding and obligatory on all of the original debtors. That question was, however, left undecided, and is no longer necessary to be discussed.

The Code has abolished all forms of pleading existing at the time of its adoption, and declares that the plaintiff's complaint shall contain a plain and concise statement of facts

constituting a cause of action, without unnecessary repetition, together with a demand of the relief to which he supposes himself entitled, and if the recovery of money is demanded the amount thereof shall be stated. (Sections 140, 141, 142.)

The complaint in this action conforms to that requirement. It states the original indebtedness and the recovery of the judgment of the purport and effect above stated. It clearly states facts sufficient to constitute a cause of action, either as arising on the original note made by both of the defendants and delivered to the plaintiff, or on the judgment or on all the facts combined creating a special liability, unless the right to maintain any action is prohibited by the sections of the Code to which I shall hereafter refer.

The demurrer of the defendant, Anthony P. Salter, on whom the summons was served was therefore not well taken. His liability was established by the judgment, and if it had not been, a right of action on the note was shown. His demurrer was to the whole complaint, and the ground of objection thereto stated was not that several causes of action had been improperly united, but that it did not state facts sufficient to constitute any cause of action whatever.

On the application of the same principle, the plaintiff was entitled to judgment against the defendant, David B. Salter. He, by answering the complaint, waived all objections that he might have taken to the improper joinder of several causes of action, and the only question presented by the facts found by the judge on the trial of the issues of facts between him and the plaintiff was as to their sufficiency to constitute a cause of action as against him. They showed that he was not bound by the judgment, but a joint liability by him with his co-defendant on the promissory note made by them, a copy of which was set forth in the complaint, was fully established.

It is, however, claimed by the respondents that sections 375 to 381, inclusive, of the Code, prescribed a special remedy as to the plaintiff on the facts disclosed in this case, which preclude and prevent an *action*. They, at the time those

proceedings were had, provided, in case a judgment had been recovered, as authorized by section 136 above cited, that a party on whom the summons was not served might be summoned to show cause why he should not be bound by said judgment in the same manner as if he had been originally summoned, and that, in answer thereto, he might deny the judgment, or set up any defence which had arisen subsequently to its recovery, and, in addition thereto, he might make the same defence which he might have originally made to the action, except the statute of limitations. That exception was removed by section 15 of chapter 824 of the Laws of 1866. Some other provisions are there made for the prosecuting and giving effect to that remedy, but there are none in connection therewith declaring that no other shall be pursued, nor have I found or been referred to any in other portions of the Code, or in any statute, prohibiting the prosecution of an *action*. The two remedies are not inconsistent with each other, and such a prohibition will not be implied, and the new remedy is more properly to be construed as cumulative only.

This question has been fully considered by PARKER, J., in his opinion in *Dean* v. *Eldridge* (29 How. Pr. Rep., 218, etc.), decided by the General Term of the sixth judicial district of the Supreme Court, holding that the remedy by action is not superseded by those sections.

The views expressed by him appear to me conclusive, and I may add that they have been cited with approval, since the decision of this case, in *Prince* v. *Cujas* (7 Robertson, 76), by ROBERTSON, Ch. J., who gave the opinion on the affirmance of the judgment herein.

I deem it unnecessary to add anything further than to refer to the opinions given in *Burnham* v. *Onderdonk* (41 N. Y., 425, etc.), by WOODRUFF and DANIELS, JJ., in which the doctrine of inconsistent and cumulative remedies was

carefully considered, and the decision of the question in that case may be considered as authority in this.

It follows from these considerations that the judgment appealed from must be reversed.

All concur.

Judgment reversed.