# SUPREME COURT.

## SMITH, administrator, &c., agt. BRITTON.

An action may be brought by an administrator upon a judgment recovered in favor of and during the lifetime of his intestate against the defendant without leave of the court.

Such an action is *not between the same parties*, and, therefore, does not fall within the prohibition of section 71 of the Code.

*New York Special Term, February*, 1873.

DEMURRER to the complaint.

The plaintiff, as administrator, brought an action upon a judgment recovered in favor of the intestate during his lifetime against the defendant. The complaint did not show that the plaintiff had obtained leave of the court to commence an action thereon. The defendant demurred to the complaint on the ground it did not state facts sufficient to constitute a cause of action.

> WINCHESTER BRITTON, *for defendant, in support of the demurrer*, cited *Graham* agt. *Scripture*, 26 *How.*, 501; *Code of Pro.*, § 283, as amended in 1866.

> C. BAINBRIDGE SMITH, *for plaintiff*, cited *Wheeler* agt. *Dakin*, 12 *How. Pr. R.*, 537; *Tuffts* agt. *Braisted*, 1 *Abb.*, 84; *Kopper* agt. *Howe*, 2 *Hilt.*, 67.

VAN BRUNT, *J.*—If this action falls within the prohibition of section 71 of the Code it seems to me that it is necessary to allege in the complaint that leave to sue has been obtained, and that without such allegation the complaint is bad upon demurrer (*Graham* agt. *Scripture*, 26 *How.*, 507; *Hastings* agt. *Fanuer*, 4 *Coms.*, 293).

The next question is, does this case fall within the pro-

Smith agt. Britton.

visions of section 71? That section provides that "no action shall be brought upon a judgment *between the same parties* without leave of the court," &c.

It has been held that a suit may be brought by an assignee of a judgment without leave, because it was not between the same parties.

Prior to the amendment of section 283, in 1866, in case a judgment creditor died, the only method in which his personal representatives could enforce the judgment was by action; and it was held that such an action did not come within the prohibition of section 71 (*Wheeler* agt. *Dakin*, 12 *How.Pr. R.*, 537).

I, however, know of no case which has decided the precise question now under consideration. When we, however, consider the object of section 71, viz., to prevent the bringing of needless suits upon judgments merely for the purpose of accumulating costs, we can see that they do not at all apply to the case where the action upon the judgment is brought by the executor or administrator of the judgment creditor. In such a case, prior to 1866, as I have said, an action had to be brought. There was no other way of enforcing the judgment, and the legislature evidently did not intend to embarrass the bringing of actions which were necessary for the enforcement of the judgment; and they therefore made use of the words "*between the same parties.*" They had provided ample remedies for the enforcement of the judgment as long as it remained in the hands of the judgment creditor, and, for that reason, refused to allow any new action to be brought between the same parties without some good cause shown.

It therefore seems that, at the time of the adoption of section 71, the legislature did not intend to include, within the terms "the same parties," any but the original parties to the record; and that an administrator does not come within the prohibition. Demurrer overruled, with leave to answer in twenty days upon payment of costs of demurrer.