PATRICK ORGAN AND JOHN FARRELL, APPELLANTS, *v.* EDWARD WALL, MALONA STEVENS, JOEL STEVENS, 2ND, AND ANNIS STEVENS, SURVIVING PARTNERS OF ROBERT R. STEVENS, RESPONDENTS.

*Judgment on firm note — bringing in other persons, alleged to be partners, but not named in the original summons — summons to show cause why they should not be bound by the judgment — improper.*

August 12, 1872, a judgment was recovered against Edward Wall, as survivor of a firm composed of himself and Robert R. Stevens, on a firm note. The complaint alleged that Wall and Stevens had been partners; that Stevens was dead and that Wall was the sole survivor. On this judgment an execution was issued and partially collected. In 1878, on notice to Wall, the summons and complaint were amended by adding thereto the names of Malona Stevens, Joel Stevens, 2nd, and Annis Stevens, as surviving partners of the said firm. Thereafter, a summons was issued requiring the additional defendants to show cause why they should not be bound by the said judgment, entered in 1872, and amended by the order of January 7, 1878.

*Held,* that the summons was irregularly issued and should be set aside.

APPEAL from an order made at Special Term, setting aside a summons issued herein.

A judgment was recovered on the 12th day of August, 1872, by the plaintiffs, against Edward Wall, as the survivor of a firm composed of himself and Robert R. Stevens, on which an execution was issued and the judgment partially collected. The complaint alleged that Wall and Stevens were partners; that Stevens was dead, and that Wall was the sole surviving partner. The action was on notes alleged to have been made by the firm.

Thereafter, and in January 1878, on notice to Wall, the summons

and complaint were amended, by an order of the court, by adding thereto the names of Malona Stevens, Joel Stevens 2nd, and Annis Stevens as surviving partners of the said firm.

In January, 1878, a summons was issued, entitled in favor of the plaintiffs against Edward Wall, Malona Stevens, Joel Stevens, 2nd, and Annis Stevens, surviving partners of Robert R. Stevens, requiring them to show cause why they should not be bound by the said judgment "amended by order of Justice BOCKES, at Saratoga Special Term, of date, January 7, 1878, and filed and entered January, 9, 1878," in the same manner as if they had been originally summoned therein.

The defendants, Malona Stevens and Joel Stevens, thereupon moved to set aside this summons and the service thereof. In reply, the plaintiffs' attorney makes an affidavit "That the amended summons and complaint, herein, named said Wall, Malona Stevens and Joel Stevens and others, defendants, as stated in the summons to show cause in this action. That the said amendment was made by special order of the court, on notice to said Wall, the only defendant on whom the process was served."

The Special Term set aside the summons, and the plaintiffs appeal.

*E. F. Bullard*, for the appellants.

*R. C. Betts*, for the respondents, Joel and Malena Stevens.

LEARNED, P. J.:

This summons is issued under section 375, Old Code, having attached the affidavit required by section 378. It is very plain that the judgment, as originally recovered, would not authorize any such proceeding. For it was a judgment against one person only, and not against "one or more of several persons jointly indebted." The judgment was against Wall, solely. Execution was issued against him, and something was collected. Besides, the judgment must be one recovered by proceeding, as provided in section 136, Old Code. And this proceeding can be had only when the action is against two or more defendants.

But the plaintiff claims that, by an order obtained by him, six years after the judgment, the amended summons and complaint names other defendants. By what right can that which was a

judgment against one be turned into a judgment against several? This is not an amendment to correct some clerical omission. But it is a change of the judgment itself. And, furthermore, the affidavit does not aver that there is now any "judgment against one of several persons jointly indebted." It does not appear that there is any allegation in the complaint that the defendants are jointly indebted.

Under the decision in *Lane* v. *Salter* (51 N. Y., 1) the plaintiffs might have commenced an independent action against these defendants (Old Code, § 136, sub. 4), and they would not, as there held, be barred by the fact of a former recovery against one of such defendants.

The Old Code (§ 379) provides that the party, thus summoned to show cause under section 375, may make any defence which he might have made to the action, if the summons had been served upon him at the time when the same was originally commenced. It is possible, therefore, that the statute of limitations is no defence in this case, unless it would have been a defence when this action was commenced against Wall. Thus, we have this position, that no action in form, or otherwise, was commenced against these defendants before January, 1878. But then, by an order of the court, to which they were not parties, they are made to have been defendants to a suit in 1872. And they are summoned to show cause why they should not be bound by a judgment to which, even in form, they were not parties.

If the plaintiffs had chosen to act under section 453 of the New Code, and had obtained an order allowing them to bring in new defendants, then it would seem to have been necessary to vacate the original judgment and to issue a supplemental summons. This is not the course they have taken. This summons is not issued under that section.

The order should be affirmed, with ten dollars costs and printing disbursements.

BOCKES, J., dissented.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing disbursements.