Bockes, J.[After stating the facts.]
The only ground of objection to the complaint stated in the demurrer, is that given by subdivision 8 of section 488 of the Code of Civil Procedure, to wit: that the complaint does not state facts sufficient to constitute a cause of action. .
The points urged by the defendant’s counsel are, that the complaint contains no averment of liberty from the court to sue on the judgment; and that by section 1376 of the Code of Civil Procedure (see also section 283 of former Code, as amended in 1866), the plaintiff may have execution on the judgment in suit without new action thereon.
All that need be said as to the effect of section 1376 is, that while this section gives the plaintiff here the right to execution on that judgment, it does not prohibit him from maintaining an action thereon. This section takes away no right; only confers additional rights in certain cases.
The statute which prohibits the suing over of judgments is section 1913 of the Code of Civil Procedure, which declares that “an action upon a judgment for a sum of money, rendered in a court of record of the State, cannot be maintained between the original parties to the judgment unless ” (among other things unnecessary here to notice) “ the court in- which the action is brought has previously made'an order granting leave to bring it.” This section, however, does not embrace the case in hand, as the action here is not *433 between the “original parties” to the judgment in suit. The language of the former Code, section 71, was “between the same parties,” instead of “ original parties,” a difference which, if, in face, there be a difference, renders section 1913 a little more specific. That an action on a judgment may be maintained when not between the same parties, and that, too, without leave of the court, is settled by numerous decisions (Jay v. Martine, 2 Duer, 654 ; Tuffts v. Braisted, 1 Abb. Pr. 83; Thurston v. King, Id. 126; Wheeler v. Dakin, 12 How. Pr. 537; Ireland v. Litchfield, 22 Id. 178, 183 ; Nims v. Sabine, 44 Id. 252 ; Smith v. Britton, 45 Id, 428; 2 Supm. Ct. [T. & C.] 498 ; Carpenter v. Butler, 29 Dun, 251). In several of these cases it was held that the relief to be granted in a case like the present might be for execution on the judgment counted on. Whether this should be the only-relief to be granted, or that the plaintiff might, at his option, take simply a mosey judgment, it is not necessary here to determine.
The subject here under examination has been so fully considered in the various cases above cited, that further remark is quite unnecessary.
There may be a possible doubt whether the objection here urged can be raised on demurrer (Magil v. City of Buffalo, 34 Dun, 1). The cases however hold, as I think, that it may be so presented (Farish v. Austin, 25 Hun, 430; Smith v. Britton, 45 How. Pr. 428; Scofield v. Doscher, 72 N. Y. 491; Earle v. David, 86 Id. 634; McKernan v. Robinson, 84 Id, 105).
In conclusion, I am of the opinion that, while the plaintiff might have execution on the judgment in suit, under section 1376 of the Code of Civil Procedure, he is not prohibited from his action on the judgment. His right to execution under this section does not take away his right of action on the judgment, and as was said in Lane v. Salter (51 N. Y. 7), inasmuch as the *434 two remedies are not inconsistent with each other a ^prohibition as to one will not be implied, but they will be deemed cumulative ; and according to the decisions above cited the plaintiff’s action was not prohibited by section 1913. The action here is not between' the “ original parties ” to the judgment in suit.
The plaintiff is entitled to judgment on the demurrer, with costs ; bub with liberty to answer over on the usual terms.