UTICA CLOTHES DRYER MANUFACTURING COM-
PANY, APPELLANT, *v.* WALDEMIR OTIS, RESPONDENT,
IMPLEADED WITH ARTHUR S. HERENDEN AND GEORGE
B. HERENDEN.

*Two actions against the same defendants upon the same cause of action — when the
pendency of one such action in the United States court does not prevent the com-
mencement of the other in the State court.*

The summons in an action, commenced in the Supreme Court of New York
against two defendants to enforce a joint liability, having been served on one
defendant only, the action was, upon his application, removed into a United
States District Court. While that action was there pending, no judgment
having been entered and no attachment having been levied, this action was
commenced in the Supreme Court of New York against the same defendants
upon the same cause of action by the service of the summons upon the defend-
ant not served in the first action.

*Held,* that the pendency of the former action was not a bar to the commencement
and prosecution of this one.

APPEAL from an order, made at Special Term, vacating and set-
ting aside the service of the summons herein upon the defendant
Otis and dismissing the action.

On the 1st day of May, 1883, a partnership, composed of the
above named defendants, existed, doing business under the firm
name and style of George B. Herenden & Co., in the State of
Ohio, and, as the plaintiff claims, they became and were jointly
indebted to him as such partners. The defendants were each
residents of the State of Ohio. On the first day of May aforesaid,
an action was commenced in the Supreme Court of the State of New
York to recover the demands. All the members of the firm were
made defendants. The summons, however, was served only on the
defendant Arthur S. Herenden. Afterwards, upon the applica-
tion of the defendant so served, the action was, by an order of
the State court removed into the United States Court for the
Northern District of New York, in pursuance of the statute in
such case provided. The order for removal was made on the 12th
day of July, 1883. After removal and issue joined, the case was
referred to a referee to hear and determine, but the same has not

been brought to trial before him. While the action was pending in the United States Court and in the condition above stated, and on the 2d day of December, 1884, this action, was commenced in the Supreme Court of this State, by the service of a summons on the defendant Waldemir Otis alone. It was commenced for the same cause of action as the original action, and for the purpose as stated of establishing the liability of the defendant Otis upon said cause of action, and to charge his individual property. Upon these facts the defendant Otis moved to vacate and set aside the service of the summons on him, on the ground that an action for the same cause of action is pending in the United States Court against the same defendants.

*Nicholas E. Kernan*, for the appellant.

*James S. Sherman*, for the respondent.

Hardin, P. J. :

Pendency of another action in the District Court of the United States for the same cause of action, resting upon a service of summons upon Herenden, one of the defendants (no judgment having been entered in that action, and no attachment having been levied upon property), is not a bar to this action. In that action the defendants not personally served could not be, upon such service as was made on one defendant, personally charged.

This action, for aught that appeared in the papers used at Special Term, may be maintained. (*Bowne* v. *Joy*, 9 Johns., 221; *Walsh* v. *Durkin*, 12 id., 101; *Burrows* v. *Miller*, 5 How., 51; *Cook* v. *Litchfield*, 5 Sandf. Sup. Ct., 342.) This is not an action to enforce a judgment already recovered. The plaintiff does not rest upon or seek to recover upon a judgment already had. (*Morey* v. *Tracey*, 92 N. Y., 583.) Statutes which give a remedy to enforce a judgment, obtained by service upon one of the joint debtors, are cumulative, and do not by implication take away a party's common-law right to enforce his debt. (*Lane* v. *Salter*, 51 N. Y., 1.)

In the case just cited Lott, Ch. C., says, of a judgment entered on service upon only one joint debtor, that "it is no evidence of any personal liability, and does not constitute a debt against the party not served." The same doctrine was asserted by Parker, J., for the

General Term of the sixth district in *Dean* v. *Eldridge* (29 How., 218 ; Code Civ. Pro., §§ 1932, 1933).

We are of the opinion the Special Term ought not to have vacated the service of summons and ought not to have dismissed the action.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

FOLLETT and VANN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.