Hyatt, J.
The defendant Donovan brought an action in this court against the plaintiff Cornell, and obtained an order of arrest against him, on applying for which Donovan as principal and the other defendants as sureties, executed the usual undertaking. The order of arrest was vacated. Upon the trial of the action, Donovan recovered judgment against Cornell.
He assigned an undivided third interest to each of the defendants Harrington, who were the sureties on said undertaking, before the commencement of this action.
This action was brought to recover the damages, which plaintiff claims he sustained by reason of the arrest. The defendants, by their answer, among other things, set up the judgment as a counter-claim; the plaintiff interposed a demurrer, which was overruled.
The only question is, can the defendants counter-claim the said judgment.
In an action on contract the Code of Civil Procedure, § 601, subd. 2 and § 501, permits the defendant to .set up as a counter-claim any other cause of action, legal or equitable, arising on contract" and existing at the commencement of the action. This counter-claim existed and was owned by the defendants at the commencement of the action. Sections 501 and 501 of the new Code are identical with section 150 of the old Code, and under that section such counter-claims were allowed. Boston Mills v. Eull, 6 Abb. N. S., 319; Chamboret v. Cagney, 10 id., 31; Parsons v. Sutton, 66 N. Y., 92, 96.
The appellant concedes that at common law a judgment constitutes a cause of action on contract of the highest nature known to the law. Taylor v. Boot, 4 Keyes, 335. He contends, however, that Donovan’s judgment does not constitute a cause of action on contract against the plaintiff because by statute (Code, § 1913) a judgment of itself no longer constitutes a cause of action.
This position cannot possibly apply to the counter-claim in the case at bar, for the reason that under section 1913 of the Code of Civ. Pro., it is not an action on the judgment set up as a counter-claim herein, and it is not between the original parties thereto. Carpenter v. Butler, 29 Hun, 251; Freeman v. Butcher, 15 Abb. N. C., 431.
A judgment may be set up by way of counter-claim, although an action could not be maintained therepn. This practice conforms with the policy of the law which deprecates multiplicity of actions or cumulative remedies. The defendants are joint and several owners of the judgment set up as a counter-claim herein, and the interests of all the parties can thus be determined in this action.
*263 There is no fatal objection to the mere form of the interlocutory judgment, and the order upon which it was based.
The judgment and order appealed from should be affirmed with costs.