Lawrence, J.
On the 9th day of June, 1876, a judgment was recovered in this court in favor of Edward EL Voorhees against Andrew J. Kerwin, Henry Valentine, and others, barring and foreclosing the defendants from all right, title, and interest in and to certain premises described in the complaint, and decreeing that said premises be sold, and directing the defendants Kerwin, Von Schoening, and Valentine to pay any deficiency in the amount found due to the plaintiff in said action. Henry Valentine, who was the defendant in that action, is the defendant herein. Upon the sale there was a deficiency amounting to $5,-290.84. The referee named in the said judgment thereafter filed his report of sale, which said report was, by an order of this court, confirmed on the 27th of July, 1876; and the clerk of the city and county of ISTew York was directed to enter a judgment for such deficiency in favor of said Voorhees against the defendants, which was acconiingly done. The said judgment was entered severally against each of the defendants, and no part thereof has been paid. Before the commencement of this action the said judgment was duly assigned to the plaintiff herein. All these facts are admitted, but it is claimed that, as the complaint does not aver that an application was made to the court for leave to bring the action, no cause of action is stated in the complaint. The defendant relies upon section 1913 of the Code of Civil Procedure in support of this position. It was frequently held, under section 71 of the old Code of Procedure, from which section 1913 of the present Code is taken, that the prohibition of section 71 was limited to the orginal parties, and that, where a title to the judgment had been assigned or transferred, it was not necessary for the assignee or transferee, before bringing his action, to obtain an order of the court permitting him to do so. See Smith v. Britton, 45 How. *583 Prac. p. 428, per Van Brunt, J.; Wheeler v. Dakin, 12 How. Prac. p. 537. That the rule has not been altered by section 1913 of the Code of Civil Procedure has been decided in several cases. See Hedges v. Conger, 10 St. Rep. 42, opinion by Daniels, J.; Carpenters. Butler, 29 Hun, p. 251, opinions by Dykman and Cullen, JJ. See, also, Freeman s. Dutcher, 15 Abb. N. C. 431, and cases cited by Boches, J., at page 433. Furthermore, as the defendant omitted to plead the failure of the plaintiff to obtain leave to sue upon the judgment, the objection cannot be raised for •the first time at the trial. See Bank v. Carrington,. 14 Wkly. Dig. p. 475. This case was affirmed by the court of appeals. 89 R. Y. p. 632. The case of Farish v. Austin, 25 Hun, 430, was decided by the same general term, in this department, as decided Bank s. Carrington; and, if in conflict with the decision in that case, the latter must control, inasmuch as it is not only later in point of time, but has also been affirmed by the court of appeals. I am of the opinion, therefore, that the plaintiff is entitled to judgment for the sum of §5,290.84, with interest from the 21st of July, 1876, together with costs, and an allowance of $150.