### KOENIG v. WAGENER.

(Supreme Court, Appellate Division, First Department. June 12, 1908.)

1. EXECUTORS AND ADMINISTRATORS—ADMINISTRATION OF ESTATE—COLLECTION OF CLAIMS—ACTIONS—FORM OF REMEDY.

Code Civ. Proc. §§ 2706, 2707, providing for a summary proceeding before the surrogate to compel a person possessed of property of an intestate to account in the Surrogate's Court, does not prevent an administrator of one estate from maintaining an action against the administrator of another estate upon a decree of a Surrogate's Court directing the defendant to pay to plaintiff's intestate certain funds in his hands.

2. SAME—PARTIES.

An action by an administrator to enforce a decree of the Surrogate's Court upon a final accounting of plaintiff's decedent and another as administrators, directing such administrators to pay a specified sum to the

plaintiff's decedent, was not between the original parties to the settlement in the Surrogate's Court so as to require leave of court as a prerequisite to the bringing of an action as required by Code Civ. Proc. § 1913, in such cases.

**3. SAME—COMPELLING DISTRIBUTION.**

Under the express provisions of Code Civ. Proc. § 1819, a person entitled to a legacy or distributive share in the estate of a decedent may maintain such an action as the case requires against the administrator of the estate after the expiration of one year from the granting of the letters of administration; but, for the purpose of computing the time within which such action must be commenced, the cause of action is deemed to accrue when the administrator's account is judicially settled, and not before.

**4. SAME—DECREE—ENFORCEMENT—REMEDIES.**

Where, upon the final accounting by an administrator, a decree was rendered by the surrogate ordering distribution and awarding a specified sum to decedent's wife, the administrator of such wife after her death could maintain an action against the administrator of the husband upon the decree of the surrogate to enforce the provision that the payment be made to the wife, though he would have a more summary and efficient remedy to enforce the decree under Code Civ. Proc. §§ 2554, 2555, authorizing the enforcement of such decree by the issuance of execution.

Houghton and Laughlin, JJ., dissenting.

Appeal from Special Term.

Action by Marie Koenig, as administratrix of Anna Koenig, deceased, against August F. Wagener as surviving administrator, etc., of Herman Koenig, deceased, on a decree rendered by the surrogate ordering the administrators of the estate of Herman Koenig to pay certain money to plaintiff's decedent. From an interlocutory judgment overruling demurrer to the complaint, defendant appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

August F. Wagener, in pro. per.

Peter Cook, for respondent.

INGRAHAM, J.　The complaint alleges the death of Herman Koenig; that letters of administration were issued to Anna Koenig and the defendant upon his estate on the 25th day of April, 1895; that said administrators duly qualified and entered upon the discharge of their duties, and thereafter rendered an account of their proceedings as such administrators, and·on the 5th day of June, 1900, a final decree was made settling the accounts and directing a distribution of the assets; that on the 19th day of March, 1904, a certified copy of said decree, with notice of entry thereof, was duly served personally on the defendant; that by such final decree the said administrators were ordered and directed to pay to Anna Koenig, individually, out of the moneys remaining in their hands as such administrators, one-third of the moneys remaining in their hands, which, after deducting certain sums specified, amounted to the sum of $6,455.07, which was the share of the said Anna Koenig of the estate; that the said Anna Koenig died on the 26th of March, 1903, intestate, and letters of administration were issued upon her estate to the plaintiff on the 9th day of March, 1904; that all of the assets of the estate were in the actual

possession of the defendant, and he had the sole custody, control, charge, and possession of said estate and the assets thereof; that the plaintiff has caused a demand to be made upon the defendant for the payment of the amount due under this decree of the surrogate settling the accounts of the administrators of Herman Koenig, deceased, and the defendant has refused to pay the same, but claims to have made certain payments to said Anna Koenig during her lifetime on account of the amount directed to be paid to her under said decree, but that the plaintiff has not received any payments on account of the said sum directed to be paid under said decree as aforesaid, and the plaintiff asks judgment against the defendant as surviving administrator of the goods and credits of Herman Koenig, deceased, for the amount which came into his hands as such administrator and which he was by the decree of the Surrogate's Court directed to pay to the plaintiff's intestate. To this complaint the defendant demurred, upon the ground that the court had no jurisdiction of the subject-matter of the action and that the complaint does not state facts sufficient to constitute a cause of action. That demurrer was overruled; and, from the judgment overruling the demurrer, the defendant appeals.

The administrators having accounted, their duties were at an end and nothing remained, except to distribute the estate according to the decree of the surrogate. There is nothing in sections 2706 and 2707 of the Code of Civil Procedure which provides for a summary proceeding before the surrogate and to compel a person possessed of the property of an intestate to account in the Surrogate's Court that affects the right to maintain an action on the decree of the surrogate. The action is based upon the decree of the surrogate, and to enforce the provision of that decree which adjudged that the defendant pay to the plaintiff's intestate a sum of money. The Surrogate's Court had jurisdiction to render such decree, it had the parties before it, and it has been adjudged that the defendant as administrator pay to the plaintiff's intestate a sum of money. Section 1913 of the Code of Civil Procedure does not apply because the prohibition in that section depends only upon an action between the original parties to the judgment, and an action brought by the personal representatives of the deceased person in whose favor a judgment has been rendered is not between the original parties to the judgment. It was held under section 71 of the Code of Procedure, where the phrase was "the same parties," that an administrator of a deceased judgment creditor was not within the meaning of that phrase; and certainly if the plaintiff, who seeks to enforce a judgment obtained in favor of his intestate, is not the same party to the action in which his testator recovered a judgment, he is not the original party to the judgment. Smith v. Britton, 2 Thompson & Cook 498, affirming 45 How. Prac. 428. It was also decided in that case that the mere fact that the personal representative of a deceased judgment creditor could issue execution and collect the judgment was not a bar to his maintaining an action upon the judgment, and that case does not seem to have been questioned. The plaintiff in this case sets up all the facts essential to maintain an action upon the surrogate's decree. It is not between the original parties, so it was not necessary to obtain the leave of the court

before commencing the action, and I can see no legal objection to maintaining it. In fact, it would seem to be expressly authorized by section 1819 of the Code of Civil Procedure which provides:

"If, after the expiration of one year from the granting of letters testamentary, or letters of administration, an executor or administrator refuses upon demand, to pay a legacy, or distributive share, the person entitled thereto may maintain such an action against him as the case requires. But for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before."

Since the plaintiff could enforce the decree under sections 2554 and 2555 of the Code of Civil Procedure, it is impossible to see why this action was necessary as the plaintiff would have a much more summary and efficient remedy to enforce the decree than by an action in the Supreme Court. But, as the plaintiff has the legal right to sue and the complaint alleges facts necessary to sustain a cause of action, it necessarily follows that the demurrer was properly overruled.

The judgment should therefore be affirmed, with costs, with leave to the defendant to withdraw the demurrer within 20 days on the payment of costs in this court and in the court below.

CLARKE and SCOTT, JJ., concur.

HOUGHTON, J. I dissent on the ground that the complaint discloses that the plaintiff has a complete remedy at law by issuing an execution on the surrogate's decree, and enforcement of payment in that court.

LAUGHLIN, J. (dissenting). The plaintiff has only limited letters of administration issued pursuant to the provisions of section 2664 of the Code of Civil Procedure, and the cause of action on the decree never vested in her under such letters. Kirwin v. Malone, 45 App. Div. 93–100, 61 N. Y. Supp. 844. I am therefore of opinion that the action cannot be maintained.