Van Brunt, J.
This action is brought to recover from heirs and their grantee the amount of a deficiency arising upon the foreclosure of a mortgage made by the ancestor, and the complaint is demurred to upon the ground that it does not state facts sufficient to constitute a cause of action.
The objection to the complaint is made that it contains no allegation that the leave to sue required' to be obtained has been granted.
It has been repeatedly held that if the sale does not produce enough to satisfy the mortgage debt, if the mortgagee or other holder of a mortgage wishes to proceed at law upon any obligation or other evidence of debt by which the mortgage debt is further secured, he must have the authority of the court, and that this authority is at the very basis of the right to sue.
It is true that in the case of Scofield v. Doscher (72 N. Y. 491), the learned justice in writing the opinion of the court says that it is for the plaintiff to allege his authority to sue, or at least to prove it; but this language cannot be held to overrule an elementary rule of pleading that every fact material to a recovery must be plead. All the learned justice intended to say was that, the case before them being barren of proof of this fact, no cause of action had been made out.
It cannot have been intended to decide that it is' not necessary to allege a fact which forms the very basis of" an action.
The complaint is therefore deficient, and the demurrer must be sustained with leave to amend upon payment of costs to the defendant Fine (who has alone raised the particular point passed upon), to be taxed by the clerk.
That the defendant Fine was a grantee of the interests of the heirs in real estate to a specified extent by conveyances taken with full knowledge of plaintiff’s claim herein, and therefore subject thereto.
That a mortgage executed by MeCunn was foreclosed, and the sale resulting in a deficiency for a specified amount, for which judgment was entered^ and which plaintiff purchased for value. u That said deficiency is wholly unpaid, and said deficiency judgment remains wholly unpaid, and that the amount thereof is equal to the amount of said deficiency, and that the said amount is chargeable upon the real estate descended and conveyed to defendants as herein set forth, and that defendants are severally liable therefor to the extent of their respective interests in said real estate, to have the same sold for the satisfaction thereof, and are likewise personally liable to the extent of any such interest aliened and conveyed by them severally.
“ That more than three years have elapsed since the probate of the will of said McCann, and the issuing of letters testamentary thereon, and that the plaintiff has exhausted his remedy at law.
“ That on or about the seventeenth day of May, 1882, this plaintiff duly presented a petition to the aforesaid surrogate of Rew York County, praying for leave to issue an execution on his judgment against the property in the hands of the executors of said John H. MeCunn, deceased, or for such proportionate share thereof as the surrogate might determine. That prior thereto said Jane W. McCann had died, and said Thomas McCunn bad removed to Ireland, without the jurisdiction of the court, and no other persons had or have been appointed in the place of either of them. That said proceeding was dismissed by said surrogate, upon the ground that it appeared by the affidavit of James M. Gano, one of the executors of John H. McCunn, deceased, that there were no assets in his hands belonging to said estate, and had been none since the year 1876.
“ That there is no personal property whatever now belonging to the estate of said John II. McCunn, but that all the personal property left by him has been duly applied by his said executors to the payment of his lawful debts and the lawful debts of his estate, and that no assets of his estate remained or passed into the hands of his widow, or any of his next of kin or legatees.
“ That plaintiff- has exhausted his remedy at law for the recovery of the amount of the aforesaid deficiency, and has not recovered any part thereof; and that plaintiff will not be able with due diligence to collect the said debt and deficiency due him by proceedings in the proper surrogate’s court, or by action against the executors or widow or her representatives, or against the legatees or next of kin of said John H. McCunn or any of them.”
The defendants demurred upon the grounds: (1) That the facts stated were insufficient to constitute a cause of action. (2) That there was a misjoinder of causes of action, in uniting an action against the heirs with an action against a grantee. (3) That there was a defect of parties, in not making the executors of John H. McCunn, deceased, defendants.
George N. Sanders, for the plaintiff.
Christopher Fine and Preston Stevenson, for the defendants.
Lawrence, J.
In this case I am of the opinion :
1. That the order made by Mr. Justice Van Brunt sustaining the previous demurrer does not preclude me from examin *147 ing the questions raised upon the present demurrers. If reference is had to the opinion rendered by Justice Van Brunt, it will be seen that the point on which he sustained the previous demurrer was, that the plaintiff had not obtained the leave of the court to sue. Such authority is declared to be the very basis of the right to sue.
And again it is stated in his opinion that costs are allowed to the defendant Fine, who alone has raised the particular point passed upon.
2. I am not prepared to hold that the complaint does not state facts sufficient to constitute a cause of action.
The action is evidently brought under the second subdivision of section 1848 of the Code of Civil Procedure, which permits'such an action where the plaintiff “has been unable, or will be unable, with due diligence, to collect his debt by proceedings in the proper surrogate’s court, and by action against the executor or administrator, and against the surviving husband or wife, legatees and next of kin.” It is not incumbent upon a plaintiff to set forth in his complaint the evidence by which he expects to prove his case upon the trial. Indeed, it would be improper to do so. Resultant and not evidentiary facts must be pleaded (Badeau v. Niles, 9 Abb. N. C., 48).
In this case the plaintiff, after stating the fact that he presented his petition to the surrogate, that the executrix had died, and that one of the executors had removed to Ireland, and no other persons had been appointed in their place, alleges that the surrogate dismissed the proceeding on the ground that it appeared from the affidavit of Gano, the remaining executor, that there were no assets in his hands belonging to the estate, and had been none since 1876.
He then avers that there is no personal property whatever now belonging to the estate of said McCann, but that all the personal property left by him has been duly applied by his said executors to the payment of his lawful debts and the lawful debts of his estate, and that no assets of his estate remained or passed into the hands of his widow, or next of kin or legatees.
*148 Then comes the allegation that the plaintiff has exhausted his remedy at law, and that the plaintiff will not be able with due diligence to collect the said debt and deficiency, etc.
This seems to me to be a sufficient statement of facts to give the plaintiff a jprirna facie cause- of action under subdivision 2 of section 1848 of the Code of Civil Procedure (see Blossom v. Hatfield, 24 Hun, 275).
It may turn out upon the- trial that Mr. Fine was a purchaser in good faith, and for value, before the notice of the pendency of the action was filed, and is therefore protected under the provisions of section 1853 of the Code; but as the complaint alleges that he took all the conveyances by which he acquired title, with full knowledge of the plaintiff’s claims herein, and therefore subject thereto, it cannot be assumed upon demurrer that the land held by him cannot be sold to satisfy the claim of the plaintiff.
3. Nor am I prepared to hold that causes of action have been improperly united in the complaint.
The object of his action is to compel the sale of land owned by McCunn, for the purpose of paying a debt alleged to be due from him or his estate. Mr. Fine claims to be the owner of a portion of that land by good and valid conveyances, and if such turns out to be the fact upon the tidal, judgment will necessarily be rendered in his favor.
The provisions of section 1853 * of the Code would seem to indicate that it is perfectly proper to make him a party to the action for the purpose of ascertaining what his rights are, and to give him an opportunity of defending them.
4. The executors of John H. McCunn were not necessary parties defendant, and the demurrer, on that ground, cannot *149 be sustained (Mersereau v. Ryerss, 3 N. Y., 261; Green v. Martine, 27 Hun, 246).
5, The trustees and executors of Jane McDonald, deceased, and Robert McDonald, the husband of Jane, were, I think, properly made parties defendant.
The complaint alleges that Lozier and Stevenson are the executors of Jane McDonald, a deceased heir, and the trustees of her interest in said real estate, and that Robert McDonald was the husband of Jane, and.that the latter had lawful issue of her marriage before her death.
This allegation shows an interest in the trustees in the lands in question, and also that McDonald has, or may claim to have, an estate by the curtesy. It was not necessary to state more than is set forth in the complaint to show that Lozier, Stevenson and McDonald have interests which may be affected by the result of this action. They are therefore proper parties.
For these reasons the demurrers to the complaint are overruled, with leave to the defendants to answer over on payment of costs.
Note ok Leave to Sub.
For the purposes of the rule stated in the text, there are two classes of cases in which leave to sue is required.
First, those where it is peremptorily required by a statute which forbids an action to be brought unless leave is first obtained. Of this class are actions like that in the case in the text to recover a mortgage debt pending or after a foreclosure of the mortgage (Code. Civ. Pro., § 1628); actions by infants for partition (Ib., § 1584); actions against certain municipalities upon claims which have not been presented to the fiscal officer or other proper authorities; actions upon judgments (Ib., § 1918); actions by a plaintiff in attachment jointly with the sheriff to recover property attached (Ib., §§ 677, 678, 704); actions upon bonds to public officer for benefit of private suitor (Ib.. §814); actions by a private person upon an official bond (Ib,, §§ 1880 et seq.); actions by the attorney-general to annul a corporation (Ib., 1798).
In such cases wherever the statute explicit1 y forbids an action without leave to sue, leave is part of the cause of action, and must be alleged *150 or the complaint is bad on demurrer. Scofield v. Doscher, 72 N. Y., 491; aff’g 10 Hun, 582; Farish v. Austin, 25 Hun, 430; Freeman v. Dutcher, 15 Abb. N. C., 431; Smith v. Britton, 45 How. Pr. 428. See, also, Swords v. Northern Light Oil Co., 17 Abb. N. C., 115. But compare contra, Krower v. Reynolds, 19 Weekly Dig., 383 (rev’d on other grounds in 99 N. Y., 245).
The case of a bond or undertaking conditioned to pay when required by the court is of the same nature. See Abb. New Pr., p. 548.
In an action on a probate bond, it appearing that one o'f the prosecutors had failed to comply with the statutory requirement that he should apply to the Probate Court for leave to sue, and should give a bond to the adverse party, held, that his name was properly stricken from the record as prosecutor. Rutland Probate Court v. Hull, 58 Vt., 306.
The other class of cases consists of those where leave to sue is a rule of judicial policy either on the ground that interference with the duty of an officer of the court without leave of the court is a contempt; and of this character are actions against receivers and the committees of lunatics.
Or on the ground that an officer of the court or trustee proposing to sue desires the instructions of the court to do so as a protection against any attempt to charge him with the costs of. an unsuccessful action as having been brought in bad faith or without reasonable cause. Of this class are actions by receivers and by trustees of an express trust. See Note on Trustees’ Compromises, 5 Abb. N. C., 346; Rules of Court, No. 79.
In cases resting on these judicial rules as distinguished from cases resting on a statutory prohibition, leave to sue is not a part of the cam ~ of action and need not be alleged, although it frequently is alleged the purpose of securing an admission and dispensing with proof. Con pare Smith v. Woodruff, 6 Abb. Pr. 65; Phelps v. Cole, 3 Code R., 157.
While the general rule is that a person, before suing a receiver, should obtain leave of court so to sue, and the court may on motion set aside or stay the proceedings, and punish the plaintiff for contempt in suing without leave, still, until the court interferes, the action is regular, and a judgment in it, valid. Hackley v. Draper, 4 Supm. Ct. (T. & C.) 614; aff’d in 60 N. Y., 88.
Even in a case where leave to sue is part of the cause of action, the courts have made exception to the rule that a fact occurring after suit brought cannot be pleaded by way of amendment, to make out the cause of action, and have held, at least in that class of cases where leave to sue is required to sue on bond or other obligation, pending, or after, foreclosure of a mortgage, that the court may grant such leave, and allow it to be pleaded by amended complaint, even after demurrer *151 sustained to a complaint for failure to allege it. McKernon v. Robinson, 84 N. Y., 105; aff’g, 23 Hun, 289; Earle v. David, 86 N. Y., 634; Church v. Van Buren, 55 How. Pr., 489.
And it is only where the foreclosure of a mortgage was by action, that leave to sue for a deficiency is necessary, under Code Civ, Pro. § 1628. Such leave is not necessary where the foreclosure was by advertisement. Bush v. Robbins, 23 Weekly Pig., 405.
It. is now well understood that the rule, requiring leave to sue before an action can be brought between the same parties on a judgment, does not apply against setting up a judgment by counterclaim or special set-off. Badlam v. Springsteen, 41 Hun, 160 (in which, however, the dictum that leave to sue is no part of a cause of action on a judgment, goes too far).
To the same effect is a recent decision in the Hew York City Court on demurrer to answer. Cornell v. Donovan (N. Y. City Ct., Sp. T., June, 1886). The opinion was as follows:
Bkowne, J.—The provisions of the Code of Civil Procedure (§ 500 et seq.) with reference to counterclaims, in effect, are a substitute for the provisions of the Revised Statutes on the same subject. The current of authorities appear to sustain the proposition that a judgment may be set up by way of counterclaim, although an action could not be maintained thereon. This practice is in conformity with the policy of the law which deprecates multiplicity of actions or cumulative remedies. The defendants are the joint and several owners of the judgment, and the interests of all the parties can be determined in. this action. Demurrer overruled with leave to reply upon payment of §10 costs.

 § 1853. But a judgment, rendered as prescribed in the last section (directing collection of the debt out of the real estate descended or devised), does not bind, and the execution thereupon cannot in any -way affect, the title of a purchaser, in good faith and for value, acquired before a notice of the pendency of the action is filed, or final judgment is entered, and the judgment roll filed.