April, 1887.
[Affirming 63 How. Pr. 497]
1. Foreclosure of corporate mortgage.] In an action to foreclose a cor- ' porate mortgage, it is within the province of the court to deter- ’ mine what property was actually embraced within or subject in 1 express terms or by subrogation or any other equitable principles, ■' to the mortgage foreclosed.
2. The same; adjudication as to property covered by mortgage.] On that point the judgment in the foreclosure action is conclusive upon •’ every one, including the unsecured creditors of the corporation, even though they were not necessary or proper parties to the action and had no notice of the proceedings.
3. The same; receiver of corporation not necessary party.] Whereat the time the foreclosure is begun, an action is pending in the samé court, by the people, against the corporation, for its dissolution, in which a temporary receiver has been appointed, neither the people nor such receiver are necessary parties to the action to foreclose.*
*341 4. Temporary receiver of insolvent corporation; title.] A temporary receiver appointed in the People’s action under 2 R. S. 463, § 38, to dissolve a corporation as insolvent, is not thereby vested with the title to the property of the corporation ;* * nor is he a trustee for its creditors, but is a mere care-taker, custodian and manager of its property and franchises, under the direction of the court,' during the pendency of the action, having lawful possession of the property. If a trustee in any sense, he is a trustee for the corporation.
5. The same; poicers and duties.] Such a temporary receiver, being a common law receiver with no statute regulating or prescribing his duties, is entirely under the control of the court; which has therefore potter to permit the foreclosure action to be commenced, to appoint a receiver therein to whom all the duties of the prior receiver shall bo transferred, and to whom it may order all the 1 property to be delivered.†
6. Who bound by judgment in People's action to dissolve corporation.] A judgment entered in the People’s action in such a case, upon a reference had to determine whether certain property belonged to ’ the holders of the mortgages as in equity a part of the mortgaged estate, as claimed by them, or the contrary, as claimed by the People, binds the general creditors of the corporation, though they had no notice of the proceedings; for they are sufficiently repre- • sen ted in the .litigation by the People and by their debtor.
7. The same.] The binding effect of such determination is not impaired by the fact that the same person was receiver in both actions; nor by the fact that the controversy involved all the assets of the corporation which were not plainly covered by the mortgage.
9. The same; rights of corporate creditors.] The rights which the statutes secure to creditors, in the case of such a statutory, final or permanent receiver of an insolvent corporation, before the amendment of 1882, to Code Civ. Pro. § 1788, are such only as pertain to the property which comes to the receiver to be administered by him and distributed to creditors; and there was no statute which entitled them to notice or gave them the right to a hearing before the receiver, except as to claims upon and their rights in such property.*
11. The same; notice to creditors of appointment, etc.] The provisions of Code Pro. § 430, and 2 R. S. 41, as to notice by the final receiver to creditors of his appointment, to present claims, etc., Were mostly-directory, and not essential to the jurisdiction of the court. They had reference to the settlement of claims against the debtor, and the distribution of the debtor’s property among creditors, but had no pertinency until the estate came into the receiver’s hand for distribution.
12. Common-law receivers ; powers and duties.] Proceedings in equity under 2 R. S. 463, § 38, for the dissolution of an insolvent.corporation were unaffected by the Code of Procedure, until 1880, when § 38 was repealed and Code Civ. Pro. § 1785, substituted in its place, up to which time there was no statute regulating the powers and duties of receivers appointed in -such proceedings, but ttmv were common-law receivers, possessing such powers and duties as might be devolved upoir them bjr the court.
13. Judgments against corporation hy confession.] The provisions of 2 R. S. 402, § 71, declaring absolutely void as against corporate creditors all judgments confessed by an insolvent'corporation after the filing-of the petition for its dissolution, refer to a judgment confessed by the corporation as its voluntary act without the interference of the court, and do not affect a judgment regularly obtained in an acr *343 tion against the corporation upon an appearance and answer admitting the allegations of the complaint, though entered upon consent, of the attorneys for the corporation.*
14. Sufficiency of complaint of corporate creditor to reach assets. ] After an action brought by tbo attorney-general, in the name of the People, under 3 R. S. 463, § 38, against the Erie Eailway Company' for its dissolution as an insolvent corporation, and the ■ appointment of a temporary receiver of the company therein, and during the pendency thereof, an action was brought to foreclose two mortgages given by the company upon its railway and- appurtenances ; and in the latter action the same person as in the People’s action was appointed temporary receiver. Judgment in the foreclosure action was rendered authorizing a sale of the mortgaged premises, and of certain stocks and bonds in the receiver's possession as a part of the property covered by the mortgage. A sale was had and confirmed, the order for transfer of the property to the purchaser reciting that it was subject to the rights of the Peoploin and to the premises or any part thereof, as the same might be ascertained in the People’s action. Thereafter a reference was had in the People’s action as to the property subject to the mortgage, an issue having been made between the People and the holders of the mortgages as to whether such stocks and bonds were covered thereby; and upon the referee’s report judgment was entered that the stocks and bonds were subject to tbo mortgage, and passed to the purchaser at the foreclosure sale. The general creditors were not made parties to either action, and had no notice of the hearing before the referee in the People’s action. On demurrer to the complaint of a general creditor of the company, seeking to subject the stocks and bonds in question to the payment of his claims, on the ground that they were not covered by the mortgages,—Held, that the court had jurisdiction to adjudicate upon and dispose of the property by the orders and decrees made in such actions ; that such determinations were conclusive against the plaintiff, and that the complaint stated no cause of action.
The foregoing points were decided in the above case* which will be found reported at length in 105 N. Y. 340. It may be thought that it should be held otherwise if the receiver were a permanent receiver on dissolution, or a temporary receiver with the powers of such permanent except that of distribution, or of a receiver in supplementary proceedings whose order of appointment had been duly recorded, for in all these cases the receiver is an assignee. So it ’might be thought that a receiver who had obtained an assignment of 'the defendant’s assets would be a necessary party. If .the Lis Pendens *341 statute is to control, a receiver, oven though he be an assignee, is not a necessary partjr, when the. assignment was not recorded and the plaintiff had no actual notice. The rule continued the same under N. Y. Code Civ. Pro. § 1788, —which applied to receivers under § 1785, in which latter section the provisions of 2 R. S. 463, § 38, were in substance reproduced,—down to July 1,1882, when ch. 309 of that year took effect. See note on p 359. below. The saving clause in that act is “nor shall any amendment made by this act, invalidate or impair the effect of any proceeding heretofore taken.”
See note on Statutory Receivers, p.359 of this vol. Leave to sue, even though essential to complete the cause of action, can be granted nunc pro tunc. 1 Abb. New Prac. 559.
Sec note on Leave to Sue, 18 Abb. N. C. 149. See note on Receiver’s instructions, and examinations ir.tcresse suo, at p. 359, below.