(25 Civ. Proc. R. 261; 16 Misc. Rep. 167.)

RINGLE et al. v. WALLIS IRON WORKS et al.

(Supreme Court, Special Term, New York County. February, 1896.)

1. MECHANIC'S LIEN—BOND TO DISCHARGE—WHO MAY SUE ON.
    A bond given under Laws 1885, c. 342 (Mechanic's Lien Law) § 24, subd. 6, which provides for the discharge of the lien on the filing of a bond "in such sum as the court may direct, not less than the amount of the claim in said notice, conditioned for the payment of any judgment which may be rendered against the property," is given in a special proceeding within Code Civ. Proc. § 814, providing that, where a bond has been given in a special proceeding to a public officer for the benefit of a person interested, and provision is not specially made by law for the prosecution thereof, a person so interested may sue on it in his own name for a breach of a condition.

2. SAME—FIXING AMOUNT OF BOND—PLEADING.
    A complaint in an action on a bond to discharge a mechanic's lien, which alleges that the contractor instituted proceedings for the purpose of securing the discharge of the property from the mechanic's lien, and that thereafter the amount of the bonds to be given for the purpose of discharging said lien was duly fixed at the sum of $13,000, sufficiently alleges that the court fixed the amount of the bond given in discharge of the lien.

Action by Jacob Ringle and others against the Wallis Iron Works and others on a bond given to discharge a mechanic's lien. Defendant Matthiessen demurs to the complaint. Overruled.

Thomas C. Ennever and E. L. Collier, for plaintiffs.
Wilson & Wallis, for defendant.

BEEKMAN, J. On the 16th day of February, 1892, the plaintiffs filed a lien, under the mechanic's lien law, against certain premises situated in the city of New York, owned by the Terminal Ware-

house Company, for the sum of $11,161, for labor and materials furnished in the erection of a certain structure upon said premises. The contract under which the liability arose was made by the Wallis Iron Works, as principal contractor, with the Terminal Warehouse Company, for the erection of the building. The defendant the Wallis Iron Works being desirous of discharging the lien, executed a bond, in which Benjamin G. Clarke and the defendant Francis O. Matthiessen joined as sureties, to William J. McKenna, clerk of the city and county of New York, in the sum of $13,000, conditioned for the payment of any judgment which might be rendered against the property pursuant to the provisions of subdivision 6 of section 24 of chapter 342 of the Laws of 1885, as amended, commonly known as the "Mechanic's Lien Law." Thereupon the lien was discharged of record. Thereafter an action was brought by the plaintiffs against the Wallis Iron Works and the Terminal Warehouse Company as sole defendants, for the purpose of foreclosing the lien, as provided by law. Issue was joined in that action, and after a trial had at special term a decision was rendered upon which a judgment was entered in favor of the plaintiffs and against the defendant the Wallis Iron Works for the sum of $12,500.32, and for the sum of $445.25 costs, amounting in all to the sum of $12,945.57. It was also adjudged that the lien which had been filed by the plaintiffs was a good and valid lien for the full amount specified therein, with interest, and judgment was directed against the premises for the above amount of $12,945.57. By reason, however, of the previous discharge of the lien by the giving of the bond above mentioned, this provision was inserted in the judgment:

"It is further ordered, adjudged, and decreed, however, that so much of this judgment as is against the said premises, and as declares that the said plaintiffs now have a lien and claim against said premises is in form only, and has been directed, and is now entered, for the purpose of enabling the said plaintiffs to recover upon a certain bond given by the Wallis Iron Works as principal and Benjamin G. Clarke and Francis O. Matthiessen as sureties, and which was filed in the office of the clerk of the city and county of New York on the 1st day of April, 1892, for the purpose of discharging the said mechanic's lien or claim as against the said real estate, as provided by a certain order of the supreme court of the state of New York, bearing date the 1st day of April, 1892."

Thereafter the Wallis Iron Works appealed to the general term of this court from said judgment, with the result that the same was affirmed. 28 N. Y. Supp. 107. On the 12th day of August, 1892, the defendant Benjamin G. Clarke, one of the sureties of the bond, died, leaving a will, which was duly proved, and the defendants Ada C. Hardenburgh, Anne M. Clarke, and Julia M. Ellsworth were thereupon duly appointed executrices of said will. The plaintiffs now sue the obligors under said bond for the amount of the recovery in the action instituted to foreclose the lien. The defendant Francis O. Matthiessen, one of the sureties under the bond, demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action as against him. The particular grounds of the demurrer are set forth in the brief which has

been submitted by the counsel for the demurrant, and are highly technical in their character. They will be considered in the order in which they have been stated.

1. It is claimed that the complaint does not allege any assignment of the bond by the county clerk to the plaintiffs, and therefore fails to allege any cause of action, unless some provision of law can be found in their favor. Section 814 of the Code of Civil Procedure provides that:

"Where a bond or undertaking has been given, as prescribed by law, in the course of an action or special proceeding to the people or to a public officer, for the benefit of a party or other person interested, and a provision is not specially made by law for the prosecution thereof, the party, or other person so interested, may maintain an action in his own name for a breach of the condition of the bond, or of the terms of the undertaking, upon procuring an order granting him leave so to do."

It is further provided that:

"The order may be made by the court in which the action is or was pending, the city court of the city of New York or a county court, if the bond or undertaking was given in a special proceeding pending before a judge of that court; or, in any other case, by the supreme court. Notice of the application therefor must be given, as directed by the court or judge, to the persons interested in the disposition of the proceeds."

The bond in question is one which comes within the purview of this section. Subdivision 6 of section 24 of the mechanic's lien law, supra, provides that such a lien may be discharged by the filing of a bond as above stated "in such sum as the court may direct, not less than the amount of the claim in said notice, conditioned for the payment of any judgment which may be rendered against the property." It further provides that the sureties on said bond must justify in at least double the sum named therein; that a copy of the bond, with a notice that the sureties will justify before the court or a judge thereof at the time and place named therein, not less than five days thereafter, must be served on the claimant or his attorney; and that upon the approval of said bond by the court or a judge thereof an order discharging such lien may be made by the court or a judge thereof. It will therefore be seen that the mere making and filing of the bond does not, of itself, operate to discharge the lien. A special proceeding is still necessary in order to secure a determination as to the sufficiency of the sum, the approval of the court or a judge thereof, and then an order by the court or judge thereof discharging the lien. The bond, therefore, is one given in the course of a special proceeding within the spirit and intent of that section. The complaint alleges that "before the commencement of this action an order was duly made permitting these plaintiffs to commence an action in their own name to enforce the said bond." While the statement is exceedingly meager, I do not think that it is bad on demurrer. The bond was given for the benefit of the plaintiffs. They are the real parties in interest, but their right to prosecute the same is conditioned upon the leave of the court being first obtained. I think, under these circumstances, the assertion that such permission was duly obtained imports a compliance with

the statutory provision in respect to the proceedings which terminated in the order granting the leave asked. Section 532, Code Civ. Proc.

2. It is objected that the complaint does not allege that the court at any time fixed the amount of the bond which was given in discharge of the lien. Upon this point the complaint contains the following allegations:

"Fourth. That thereafter the said the Wallis Iron Works instituted, or caused to be instituted, certain proceedings in the supreme court of the state of New York for the purpose of securing the discharge of the real property mentioned in said notice from the lien of the said mechanic's lien or claim, pursuant to the statute in such case made and provided. Fifth. That thereafter the amount of the bond to be given for the purpose of discharging said lien was duly fixed at the sum of $13,000."

After setting out the execution and filing of the bond in question pursuant to said order, it is alleged that on the 1st day of April, 1892, an order was duly made by this court, approving the bond, and directing that upon the filing of the same the said lien should be canceled and discharged of record, and that thereafter the said bond was filed, and the lien discharged, as required by the order. The assertion that the amount of the bond was duly fixed, taken in connection with the other allegations in respect to the entire proceeding, is sufficient within the existing rules of pleading.

3. The objection that the complaint should allege that the bond was given "in an action or special proceeding" is untenable. As we have seen, the complaint does set forth a proceeding for the cancellation and discharge of a lien, in which proceeding the bond in question was given. The complaint very clearly alleges that the bond was given in the course of the proceeding above referred to. The effort to show that it does not is extremely forced and unnatural, and unworthy of serious consideration.

4. The objection that the complaint is insufficient because it fails to show that notice of the application for leave to prosecute the bond had been given, as provided in section 814 of the Code, is also untenable. The allegation contained in the fourteenth paragraph of the complaint, that the order was "duly made," sufficiently meets this criticism.

These are all of the objections which have been made to the complaint. In addition to what has been already stated, it may be further said that the defendant, as a party to the bond, cannot question the regularity of the proceedings under which, through his intervention, the lien referred to has been discharged. The only objection, therefore, upon which he is entitled to be heard is that which relates to the proceedings giving the plaintiffs permission to sue; and in respect to this, as we have seen, the complaint is sufficient. The demurrer is therefore overruled, with costs, with leave to the defendant to answer within 20 days after service upon him of a copy of the interlocutory judgment, upon payment of costs.

Demurrer overruled, with costs, with leave to defendant to answer.