In re JOHN P. KANE CO.

(Supreme Court, Special Term, New York County.    March 14, 1900.)

MECHANICS' LIENS—DISCHARGE OF SECURITY—ACTION ON BOND.

A bond executed to a city for the payment of any judgment to be rendered in an action to foreclose a mechanic's lien, under Laws 1898, c. 169, amending Laws 1897, c. 418, § 20, providing the manner in which a lien against an amount due or to become due from a municipal corporation to a contractor for a public improvement may be discharged, is within the meaning of Code Civ. Proc. § 814, providing that where a bond has been given, as prescribed by law, in the course of an action or special proceeding, to the people or to a public officer, for the benefit of a party interested, and provision is not made by law for the prosecution thereof, the party interested may maintain an action in his own name thereon after procuring an order granting him leave to do so.

In the matter of the John P. Kane Company. Application for leave to sue on an undertaking given to discharge a mechanic's lien. Application granted. Affirmed in 65 N. Y. Supp. 1136.

LAWRENCE, J. This is an order to show cause why the Mapes-Reeve Construction Company, or its surety, the American Bonding & Trust Company, should not comply with the conditions of an undertaking given to secure the discharge of a lien filed by the John P. Kane Company with the comptroller of the city of New York against certain moneys alleged to be due from the city of New York to said Mapes-Reeve Construction Company, or, in default thereof, why the said undertaking should not be delivered to the said John P. Kane Company for prosecution, with leave to sue thereon. It appears from the affidavit of Mr. Shepard, attorney for the John P. Kane Company, that on or about the 4th day of August, 1899, the said John P. Kane Company caused to be filed in the office of the comptroller of the city of New York, and in the office of the fire commissioner of said city, a notice of claim or lien in writing for the sum of $1,646.73, upon moneys due and to grow due to the Mapes-Reeve Construction Company under its contract with the city of New York for the erection of a building for engine No. 4, No. 119 Maiden Lane, in the city of New York. It also appears that on or about the 8th day of September, 1899, said John P. Kane Company commenced an action against the construction company and the city of New York, as defendants, for the purpose of foreclosing the lien; that on or about the 14th day of September, 1899, the said construction company, for the purpose of the cancellation and discharge of said lien, caused to be filed in the office of the comptroller of the city of New York an undertaking executed by the said Mapes-Reeve Construction Company and the American Bonding & Trust Company of Baltimore, conditioned for the payment of any judgment, not exceeding $2,000, which might be recovered in any action brought to foreclose said lien, and that thereupon said lien was canceled and discharged. It appears that on or about the 31st day of January, 1900, judgment was rendered in said action in favor of the said John P. Kane Company against the Mapes-Reeve Construction Company in the city of New York for the relief demanded in the

complaint, and the said judgment established said lien as a valid and subsisting lien for the moneys due said construction company from the city of New York by virtue of its contract at the time of its filing and the commencement of the action. The affidavit also sets forth that the judgment contained the further provision that the John P. Kane Company have leave to proceed according to law, without further application to the court, to collect from the American Bonding & Trust Company, the surety named in the undertaking aforesaid, the amount of said judgment, etc. Service of copies of the judgment upon the construction company, upon the corporation counsel, and upon the attorneys for the bonding and trust company is also shown, and that said construction company and the bonding and trust company have failed to comply with the terms and conditions of the undertaking, by failing to pay the amount of said judgment, although payment has been duly demanded. The affidavit of the plaintiff's attorney also avers that although, in terms, said undertaking is to the city of New York, yet it is in fact for the benefit of the John P. Kane Company, the lienor, whose lien was discharged by the filing of the same. The motion is resisted by the bonding and trust company, and an affidavit of Mr. Flanders, its vice president, states that the undertaking was executed by the Mapes-Reeve Company and by the said American & Bonding Trust Company to pay to the city of New York any judgment that might be recovered in an action to enforce the lien therein mentioned, and alleges that he is informed and believes no judgment has been recovered against the city or against the construction company, which, under the terms of the undertaking mentioned and referred to in the affidavit of said Shepard, the bonding and trust company is obligated to pay. He denies that the said bonding and trust company has failed to comply with the terms and conditions of the undertaking.

It is contended on the part of the bonding and trust company that section 814 of the Code of Civil Procedure only applies to a bond or undertaking given as prescribed by law, in the course of an action or special proceeding, to the people or to a public officer, for the benefit of a party or other person interested, and provision is not specially made by law for the prosecution thereof. It is argued that the undertaking in question was not given in the course of an action or in a special proceeding, nor was it given to the people or to a public officer, or for the benefit of any party other than the person to whom it was given and made payable; that it was a purely statutory bond, executed pursuant to chapter 169 of the Laws of 1898, amending section 20 of the lien law of 1897, which related to a discharge of a lien for a public improvement, and provided how a lien against the amount due or to become due from a municipal corporation to a contractor for the construction of a public improvement might be discharged. It is further averred that the bond does not recite or state that any suit has been begun or is pending to foreclose the lien, but only that the statutory notice of lien has been filed, and that the construction company desired to discharge the lien pursuant to said section 20 of chapter 418 of the Laws of 1897, as amended by section 1 of chapter 169 of the Laws of 1898, on giv-

ing an undertaking as provided by said act so amended, and that under the undertaking the American Bonding & Trust Company undertook to pay to the city of New York any judgment which may be recovered in an action to enforce the lien. If the bonding and trust company is right in its contention that section 814 of the Code of Civil Procedure does not apply to the undertaking given to discharge the lien in this case, the matter comes to this: That the amendment to section 20 of the lien law of 1898 (chapter 169) permits the discharge of the lien by the giving of an undertaking which is no security whatever to the lienor for the amount of his lien. In other words, the lienor is remitted to an action against the city for the amount of the lien, and the city alone receives security for the payment of the amount of money which may be recovered against it; the lienor in the meantime losing his lien. A literal construction of subdivision 5 of section 20 of the lien law as amended by the act of 1898, supra, might lead to this conclusion, but, taking the whole subdivision together, such was not, I think, the intention of the legislature. Section 814 of the Code of Civil Procedure provides that:

"Where a bond or undertaking has been given as prescribed by law in the course of an action or special proceeding to the people or to a public officer for the benefit of a party or other person interested, and provision is not specially made by law for the prosecution thereof, the party or other person so interested may maintain an action in his own name for a breach of the condition of the bond, or of the terms of the undertaking, upon procuring an order granting him leave so to do."

A fair construction of this section, I think, warrants the court in granting the order which is asked for. It surely could not have been the intention of the legislature to deprive the lienor of his lien by giving an undertaking to the city of New York which he (the lienor) could not enforce.

I shall hold that the undertaking was really given for the benefit of the lienor, and that, under section 814 of the Code of Civil Procedure, this motion should be granted. Ordered accordingly. Settle order on one day's notice.