(45 Misc. Rep. 601)

GOLDSTEIN v. MICHELSON et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. Pleading—Demurrer—Judgment on Pleadings.

Though affirmative matter pleaded in an amended answer was not a sufficient defense, defendants could assail a judgment rendered on the pleadings if no cause of action was stated in the complaint.

2. Actions—Beneficial Plaintiff—Permission to Sue.

In an action on an undertaking running to the clerk of the county, given to procure a discharge of a mechanic's lien filed by the plaintiff's assignor, the obtaining of leave to sue was an essential fact which the plaintiff was bound to allege under Code Civ. Proc. § 814, providing that where a bond has been given in the course of an action to the people or to a public officer for the benefit of a party, and provision is not specially made for the prosecution thereof, the party may maintain an action in his own name for a breach of condition upon procuring an order granting leave.

91 N.Y.S.—3

3. SAME.

> The averment of the complaint that the undertaking ran to the plaintiff's assignor is rendered nugatory by the annexation of the instrument, which runs to the county clerk, and the form of the instrument controls over the pleader's conclusion as to its legal effect.

Appeal from City Court of New York, Special Term.

Action by Louis Goldstein against Lena Michelson and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Jacob Gordon, for appellants.

A. B. Schleimer, for respondent.

BISCHOFF, J. Granting that the affirmative matter pleaded by the amended answer was not sufficient in law for the purposes of a defense, still the defendants may assail the judgment rendered upon the pleadings, if no cause of action was stated in the complaint, since the judgment, of course, depends upon the admission of the statement of a cause of action. The appellants raise the point that the complaint is insufficient, and correctly, as we view the case. The action is brought upon an undertaking running to the clerk of the county of New York, given to procure the discharge of a mechanic's lien filed by the plaintiff's assignor; the undertaking being annexed to and made a part of the complaint. The obligation thus being one which the plaintiff or his assignor could not enforce without some statutory authority, because running to some other person, the cause of action depends upon compliance with the statute which permits an action, by the individual interested, upon a bond or undertaking running to a public officer (section 814, Code Civ. Proc.; Ringle v. W. T. Wks., 16 Misc. Rep. 167, 38 N. Y. Supp. 875; In re John P. Kane Co. [Sup.] 66 N. Y. Supp. 684, affirmed 52 App. Div. 630, 65 N. Y. Supp. 1136); and therefore the obtaining of leave to sue—the condition imposed by section 814 of the Code—was an essential fact which the plaintiff was bound to allege for the purposes of a statement of a cause of action (18 Abb. N. C. 149, note).

The averment of the complaint that the undertaking ran to the plaintiff's assignor is rendered nugatory by the annexation of the instrument, which runs to the county clerk, and the form of the instrument controls over the pleader's conclusion as to its legal effect. Bogardus v. Ins. Co., 101 N. Y. 328, 4 N. E. 522.

In the absence of an allegation that leave to sue had been obtained, the complaint afforded no basis for judgment upon the pleadings, and the judgment must therefore be reversed, with costs. All concur.