NIELS J. PETERSEN, as Substitute Assignee for Benefit of Creditors of BRONX AUCTION COMPANY, INC., Plaintiff, *v.* NATIONAL SURETY COMPANY, Defendant.

(City Court of the City of New York, Special Term, June, 1919.)

Bonds — by assignee for benefit of creditors — action on a surety bond cannot be maintained by a substituted assignee unless he obtains leave of court — pleading — Code Civ. Pro. § 814 — Code Civ. Pro. § 1888.

An action on a surety bond given by an assignee for the benefit of creditors in the usual form and running to the people of the state of New York, cannot be maintained by a substituted assignee of the same debtor unless he first obtains leave of court as required by sections 814 and 1888 of the Code of Civil Procedure.

Where the complaint in such an action fails to allege that plaintiff has obtained leave to sue, and the answer sets up as an affirmative defense that he has not, defendant's motion for judgment on the pleadings will be granted with leave to plaintiff to amend.

MOTION for judgment on the pleadings.

Clocke, Koch & Reidy, for motion.

Saul S. Mayer (Lawrence B. Cohen, of counsel), opposed.

FINELITE, J. This is a motion for judgment on the pleadings. The complaint alleges that on or about the 8th of March, 1915, the Bronx Auction Company, Inc. assigned for the benefit of creditors to one Joseph F. Grady, and subsequently Grady made his bond in the sum of $3,000 with the defendant as surety. A reference to the bond, a copy of which is annexed to the complaint, shows that Grady, as principal, and the National Surety Company, as surety, are bound unto the People of the State of New York in the sum of $3,000, conditioned upon the faithful discharge and execution of the duties of said Grady. The action is brought by the plaintiff as substituted assignee for the benefit of creditors of the Bronx Auction Company, Inc. The answer, among other things, sets up as a third separate and distinct defense, and as a bar to this suit, that the bond upon which the action is brought was one executed to the People of the State of New York, and that the plaintiff, as substituted assignee, has not obtained leave to bring an action upon the bond as required by sections 814 and 1888 of the Code of Civil Procedure. The defendant urges in addition to this contention, bringing into question the jurisdiction of the court, that under the provisions of section 1890 of the Code of Civil Procedure an application for leave to prosecute a bond must be made to the court in which the proceeding is pending; and furthermore, it requires the action to be brought and prosecuted in the same court. Section 814 of the Code of Civil Procedure has received judicial interpretation in the case of *Alexander* v. *Union Surety & Guaranty Co.*, 89 App. Div. 3, wherein the court states: " If, however, the action could be brought in a name other than that of the United States — which we do not think it could — then permission would have to be obtained. The general rule

City Court of New York, June, 1919.     [Vol. 107.

is that, in the absence of a statute permitting it, an action can be brought upon a bond by one not named as obligee therein only when authorized by the court to do so (*Annett* v. *Kerr,* 28 How. Pr. 326), and this fact must be alleged in the complaint and proved on the trial. It is a part of the cause of action. Nor had this rule been changed in any way by the Code of Civil Procedure. Thus, section 1888 provides that a person injured by the default, delinquency or misconduct of a public officer     *     *     *     may     *     *     *     apply for leave to prosecute the delinquent official bond, and section 1890 provides that receivers, assignees of insolvent debtors, and trustees and other officers appointed by the court or a judge are public officers within the meaning of section 1888, Code of Civil Procedure. It might well be questioned whether the trustee of a bankrupt's estate is an officer within the meaning of the above section, but it is clear that if he is, then he comes within the provisions of such sections and leave to prosecute the bond must be obtained before the action is commenced.'' See, also, to the same effect, *Goldstein* v. *Michelson,* 45 Misc. Rep. 601, wherein Justice Bischoff, writing the opinion, says: '' The action is brought upon an undertaking running to the clerk of the county of New York, given to procure the discharge of a mechanic's lien filed by the plaintiff's assignor, the undertaking being annexed to and made a part of the complaint. The obligation thus being one which the plaintiff or his assignor could not enforce without some statutory authority, because running to some other person, the cause of action depends upon compliance with the statute which permits an action, by the individual interested, upon a bond or undertaking running to a public officer (section 814, Code Civ. Pro.; *Ringle* v. *Wallis I. Wks.,* 16 Misc. Rep. 167; *Matter of John*

*P. Kane Co.*, 66 N. Y. Supp. 684, aff'd 52 A. D. 630.
\* \* \* In the absence of an allegation that leave
to sue had been obtained, the complaint afforded
no basis for judgment upon the pleadings, and
the judgment must, therefore, be reversed, with
costs." Therefore, following the ruling of these
decisions relative to section 814 of the Code of
Civil Procedure, it is very essential that leave to
sue should first be obtained, and the facts should be
set forth in the complaint as a basis for the cause of
action. There are other objections which the court
considers serious and fatal to the maintenance of the
plaintiff's complaint, but which it is unnecessary to
detail in view of the decisions above cited, which are
sufficient justification for the granting of the defend-
ant's motion for judgment on the pleadings. There-
fore the motion is granted, with ten dollars costs, with
leave, however, to the plaintiff to amend the complaint
within six days after service of a copy of the order
entered hereon, with notice of entry thereof, upon
payment of said costs.

Ordered accordingly.